# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

VERONICA R. GOODE,

   Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

   Defendant.

Civil Case No. PX-17-833

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the pending dispositive motion and to make recommendations pursuant to 28 U.S.C. § 636(b) and Local Rule 301.5(b)(ix). Plaintiff Veronica Goode filed this action under the Social Security Act, 42 U.S.C. § 405(g), seeking review of the denial of her Social Security disability claim by Defendant Social Security Administration ("the Commissioner"). [ECF No. 1]. The Commissioner has filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that Ms. Goode failed to exhaust her administrative remedies. [ECF No. 8]. I have reviewed that motion and Ms. Goode's opposition. [ECF No. 9]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, I recommend that the Commissioner's motion to dismiss be denied.

## I. BACKGROUND

In September, 2011, Ms. Goode filed a claim for Disability Insurance Benefits ("DIB"). [ECF No. 8-3, p. 2]. Ms. Goode's claim was denied initially and on reconsideration. *Id.* at pp.

2-3. A hearing was held on September 16, 2015, before an Administrative Law Judge ("ALJ"). *Id.* at p. 19. Following the hearing, on November 3, 2015, the ALJ issued a partially favorable decision finding that Ms. Goode became disabled on September 16, 2014, but determining that she was not disabled prior to that date. *Id.* at pp. 19-27.

On February 7, 2017, the Appeals Council (the "AC") granted Plaintiff's request for review, and notified Ms. Goode of its intention to "correct the November 10, 2015 decision to clarify that its findings apply to the period beginning April 22, 2011[.]" *Id.* at p. 34. Additionally, in that notice, the AC permitted Ms. Goode to send further "evidence or a statement about the facts and the law in [her] case within 30 days[.]" *Id.* at p. 35. Instead, on March 28, 2017, Ms. Goode filed her appeal in this Court. [ECF No. 1]. Subsequently, on May 10, 2017, the AC issued its final decision. [ECF No. 8-3, p. 3]. After seeking an extension of time, to which Ms. Goode consented, the Commissioner filed the instant motion to dismiss on July 19, 2017. [ECF No. 8].

## II. STANDARD OF REVIEW

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that the court has jurisdiction over the claim or controversy at issue, a 12(b)(1) motion should be granted only if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *see also Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647.

## III. ANALYSIS

The Commissioner argues that this Court does not have jurisdiction over Ms. Goode's claim because she failed to exhaust her administrative remedies and is not appealing from a final order. [ECF No. 8, pp. 1-8]. Specifically, the Commissioner contends that Ms. Goode prematurely filed her complaint after the AC issued a notice of its proposed findings, which "did not grant [Ms. Goode] court rights" and "was not a final decision." [ECF No. 8-3, p. 3]. Ms. Goode concedes that she untimely filed her complaint. [ECF No. 9, p. 1] (noting that, "in reviewing the Notice of Appeals Council Action, . . . [she] mistakenly presumed that the [AC's] proposed findings were final and filed the instant appeal"). However, she contends that good cause exists to extend the filing deadline, and that, therefore, the Commissioner's motion to dismiss should be denied. *Id.* at pp. 1-2.

42 U.S.C. § 405(g), the statute on which the Commissioner bases her motion, provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). "[T]he provision of section 405(g) requiring a claimant to commence a civil action for judicial review within 60 days of a final decision is a period of limitation subject to equitable tolling." *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986) (citation omitted). A late filing, therefore, may be excused "where the equities in favor of tolling the limitations period are so great that deference to the [A]gency's judgment is inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986).

Where a party moves to toll the filing period after the deadline has passed, Federal Rule of Civil Procedure 6 provides that, "the court may, for good cause, extend the time…if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Whether neglect is 'excusable' has been described by the Supreme Court as 'at bottom an equitable [inquiry], taking account of all relevant circumstances,' including the following: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith." *Fernandes v. Craine*, 538 F. App'x 274, 276 (4th Cir. 2013) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Fourth Circuit has "stressed that the third *Pioneer* factor—the reason for the delay—is the 'most important.'" *Id.* (citing *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)).

Weighing these factors, Ms. Goode has demonstrated excusable neglect, and good cause exists to extend the filing deadline. Although Ms. Goode prematurely filed her complaint, the Commissioner denied Ms. Goode the chance to cure her mistake by seeking an extension of time to file a "pre-Answer motion" that ran beyond Ms. Goode's 60-day limitations period. [ECF No. 6]; *see* [ECF No. 7]. Ms. Goode's motion had to be filed by July 10, 2017, and the Commissioner's extension allowed her to wait to file the full motion to dismiss until July 19, 2017. Additionally, the Commissioner's request for an extension was untimely filed more than two weeks after the deadline, which further impaired Ms. Goode's ability to cure her premature complaint within the filing period.[1] *Id.* Thus, while the Commissioner may not have

---

[1] Specifically, the Commissioner was required to file a motion for an extension of time by May 29, 2017. However, the Commissioner did not file her motion until June 16, 2017. [ECF No. 6]; *see Peterson v. Air Line Pilots Ass'n, Int'l*, 759 F.2d 1161, 1164 (4th Cir. 1985) (noting that a defendant may waive a limitations argument if it does not raise it promptly in an answer or motion).

intentionally misled Ms. Goode, and has no responsibility to ensure Ms. Goode's conformity with the limitations period, "the delay in [filing her motion to dismiss] plainly contributed to [Ms. Goode's] inability to cure on time." *Worley v. Colvin*, No. CIV.A. 2:12-2204-CMC, 2013 WL 1808269, at *2 (D.S.C. Mar. 15, 2013), report and recommendation adopted, No. CA 2:12-2204-CMC-BHH, 2013 WL 1808268 (D.S.C. Apr. 29, 2013).

Moreover, Ms. Goode would be irreparably injured if the exhaustion requirement were enforced in this case. [ECF No. 9, p. 2] (noting that the Commissioner's delay prevented Ms. Goode from "dismiss[ing] this appeal and fil[ing] a new appeal"); *see Macheski v. Leavitt*, No. 4:06-CV-85 (CDL), 2007 WL 2710466, at *4 (M.D. Ga. Sept. 13, 2007) ("The adoption of the [Commissioner]'s argument would . . . leave Plaintiff with no recourse whatsoever. He cannot seek further administrative review because he has exhausted all of his administrative remedies, and yet under the [Commissioner]'s argument he is foreclosed from judicial review because he has not exhausted his administrative remedies."). Conversely, allowing Ms. Goode to timely file her complaint risks no danger of prejudice to the Commissioner, and will have minimal delay and impact on the judicial proceedings. *Fernandes*, 538 F. App'x at 276. To the contrary, the "Fourth Circuit has established a 'strong policy that cases be decided on the merits.'" *Alvarez-Soto v. B. Frank Joy, LLC*, No. CV TDC-15-1120, 2017 WL 2731300, at *3 (D. Md. June 23, 2017) (quoting *United States v. Shaffer Equip. Co*., 11 F.3d 450, 462 (4th Cir. 1993)); *see Fuson v. Astrue*, No. C09-00754 RS, 2010 WL 3833671, at *2 (N.D. Cal. Sept. 28, 2010) ("Consistent with Supreme Court precedent favoring substance over form, this Court considers the merits of [plaintiff's] prematurely filed appeal.").

Furthermore, the Supreme Court has held that practical, not technical, considerations are to govern the application of principles of finality. *See Gillespie v. United States Steel Corp*., 379

U.S. 148, 152 (1964); *see also Bowen*, 476 U.S. at 480 (noting that Social Security regulations were "designed to be 'unusually protective' of claimants"). Indeed, this Court is "especially sensitive to this kind of harm where the government seeks to require claimants to exhaust administrative remedies merely to enable them to receive the procedure they should have been afforded in the first place." *Bowen*, 476 U.S. at 484. Therefore, considering the facts of this case, "it would be manifestly unfair to penalize [the claimant] . . . by such an unforgiving application of the filing period." *Worley*, 2013 WL 1808269, at *2.

For the foregoing reasons, I recommend that the Commissioner's motion to dismiss, [ECF No. 8], be denied. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: September 18, 2017 /s/
Stephanie A. Gallagher
United States Magistrate Judge